**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**HOMES & LAND AFFILIATES, LLC,**

        **Plaintiff,**

**-vs-**                                                **Case No. 6:07-cv-1051-Orl-28DAB**

**HOMES & LOANS MAGAZINE, LLC,**
**ROBERT KLEZMER, MARYANNE**
**KLEZMER, WILLIAM KEELER,**
**BONNIE KEELER,**

        **Defendants.**

_____

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **AMENDED MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND ATTENDANCE AT DEPOSITION OF THE CORPORATE REPRESENTATIVE WITH THE MOST KNOWLEDGE OF CERTAIN MATTERS (Doc. No. 35)**
>
> **FILED:** August 5, 2008
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

Plaintiff Homes & Land Affiliates, LLC, sued another magazine publisher who is a "recent entry into the real estate magazine market" with the alleged confusingly similar name of Homes & Loans Magazine. Doc. No. 1. Defendant moves to compel production of documents and to depose a corporate representative on certain issues. Plaintiff opposes the motion as untimely filed on the

basis of discovery which was either belatedly sought too close to the discovery deadline, or was irrelevant.

Defendant seeks an order compelling production of documents in response to Defendants' June 30, 2008 Second Request for Production, and a deposition of Plaintiff's corporate representative with the most knowledge of gross revenues and advertisements and publications promoting "Homes & Land" magazines. Doc. No. 35.

The case was filed in June 22, 2007. More than one year later, on June 30, 2008, Defendants served Plaintiff with their Second Request for Production (Doc. No. 35-2); responses were due on August 4, 2008[1]. Plaintiff contends that Defendants' Second Request for Production was untimely because it was not served with sufficient time to respond prior to the August 1, 2008[2] discovery deadline. As Plaintiff points out, the Case Management and Scheduling Order requires each party to timely serve discovery requests so that the Rules allow for a response prior to the discovery deadline. Doc. No. 18 at 3. Moreover, the Motion to Compel itself was filed past the discovery deadline (on August 5, 2008) and is also untimely. Doc. No. 18 at 3.

Similar problems exist with the deadline for the Rule 30(b)(6) notice and Defendants' belated subpoena duces tecum that they seek to compel in the Motion. On July 7, 2008, Defendants first noticed the Rule 30(b)(6) deposition (without documents) of Plaintiff's corporate representative for a deposition set for July 17, 2008. Doc. No. 35-3. On July 21, 2008, Defendants served Plaintiff with a Rule 45 subpoena duces tecum to bring certain documents to the newly-rescheduled deposition of

---

[1] Plaintiff were entitled to thirty days to respond, with an additional three days because the Request was served by mail. Fed. R. Civ. P. 34(b)(2)(A) & 6(d) (3 days for mailing). The last day fell on a Saturday, August 2, so the deadline was extended to the next business day, August 4, 2008. *See* Fed. R. Civ. P. 6(a)(3).

[2] Doc. No. 18.

Plaintiff's corporate representative set for just seven days later, *i.e.*, July 28, 2008 (Doc. No. 35-4); Defendants also added to the Rule 30(b)(6) deposition notice a category that sought gross revenue information (category #15). Doc. No. 35-5. According to Plaintiff, it was served on Plaintiff's registered agent corporation less than seven days before the deposition and there was insufficient notice or time to gather the documents showing all of the gross revenues, prepare a witness on the matter, and/or file objections or seek a protective order. Doc. No. 36.

The Court notes that although Defendants seek to compel more complete testimony as to Plaintiff's gross revenues (category #15) and advertising (category #8), they have not provided a copy of the deposition transcript; the Motion can be denied on that basis alone. In addition, a Rule 45 subpoenas are not to be used as an "end-run" around the regular discovery rules that apply to parties, *i.e.*, notices of deposition in Rule 30, or for production of documents in Rule 34. Rule 30 specifically requires that "[i]f a subpoena duces tecum is to be served on the deponent, the materials designated for production, as set out in the subpoena, must be listed in the notice or in an attachment." Rule 30(b) (2). Defendants' original Notice dated July 7 did not list the documents to be produced; it was not until the Notice served on July 21 that the documents were added to the Notice, just seven days before the scheduled deposition of July 28, 2008. Such notice was insufficient under Middle District Local Rule 3.02(a), which required at least ten days notice. Seven days notice also was not reasonable as required in the Federal Rules in light of the fact it was served on Plaintiff's corporate registered agent located in Weston, Florida, and not simply via a discovery request on Plaintiff's counsel (which would have required at least 30 days be allowed for a response). For the same reason, Defendants' belated addition of category #15 seeking gross revenue information was untimely served on Plaintiff, left insufficient time for it to adequately prepare its corporate representative, and will not be

compelled. Defendants should have served their request for documents on Plaintiff in accordance with Rule 34, allowing Plaintiff sufficient time to respond before the discovery deadline passed on August 1, 2008. The Motion to Compel is **DENIED.**

**DONE** and **ORDERED** in Orlando, Florida on September 8, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

-4-
Case 6:07-cv-01051-JA-DAB   Document 40   Filed 09/08/08   Page 4 of 4 PageID 390