# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**HOMES & LAND AFFILIATES, LLC,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　**Case No. 6:07-cv-1051-Orl-28DAB**

**HOMES & LOANS MAGAZINE, LLC,
ROBERT KLEZMER, MARYANNE
KLEZMER, WILLIAM KEELER,
BONNIE KEELER,**

        **Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:   DEFENDANTS' MOTION TO STRIKE NESMITH REPORT (Doc. No. 37)**
>
> **FILED:     September 2, 2008**
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

Plaintiff's expert, Ted NeSmith prepared a Report (Doc. No. 29) opining as to the amount of Defendants' sales, as required in 15 U.S.C. § 1117 ( "plaintiff shall be required to prove defendant's sales only") in support of Plaintiff's damages claim under the Lanham Act. Defendants move to strike the report because it "does nothing more than state a legal conclusion and does not assist the trier of fact." Doc. No. 37. Defendants have failed to attach Mr. NeSmith's Report. Their citation to Doc.

No. 29 is merely to Plaintiff's "Notice" that the Report had been served, and does not contain a copy of the Report.[1]  Doc. No. 37 at 2.

Moreover, a financial or accounting expert's report calculating and opining about the extent of a plaintiff's damages, which in this case is measured by Defendants' sales, is generally accepted in support of a plaintiff's damages calculation; the expert's opinion about the size of the damages calculation does not bear on Plaintiff's burden to prove Defendants' liability for the underlying claim.

Accordingly, Defendants' Motion to Strike NeSmith Report (Doc. No. 37) is **DENIED** without prejudice to Defendants' ability to cross-examine Mr. NeSmith on the contents of the Report at trial.

**DONE** and **ORDERED** in Orlando, Florida on October 1, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

---

[1] Defendants have not challenged Mr. NeSmith's qualifications to serve as an expert.