**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**HOMES & LAND AFFILIATES, LLC,**

    **Plaintiff,**

-vs-               Case No.  6:07-cv-1051-Orl-28DAB

**HOMES & LOANS MAGAZINE, LLC,**
**ROBERT KLEZMER, MARYANNE**
**KLEZMER, WILLIAM KEELER,**
**BONNIE KEELER,**

    **Defendants.**
_____

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**  **PLAINTIFF'S OMNIBUS MOTION *IN LIMINE* (Doc. No. 70)**
>
> **FILED:**  **November 17, 2008**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED** with prejudice in part and without prejudice in part as set forth below.

Plaintiff moves for an Order precluding Defendants Homes & Loans Magazine, LLC, Robert Klezmer and William Keeler (collectively "Defendants" or "Homes & Loans"), its counsel from calling certain witnesses and precluding or limiting Defendants from presenting certain evidence, testimony, argument, or references in the presence of the jury. Doc. No. 70. The Court rules as follows with respect to the issues raised by Plaintiff:

1. Plaintiff moved to preclude Defendants from introducing documents or offering testimony regarding third party expenses. To this extent, the Motion is **DENIED** without prejudice. The issue will depend on the actual evidence as presented at trial.

2. Plaintiff moves to bar Defendants' introduction of declarations of persons (also not listed on their initial disclosures or supplemented before the close of discovery) who claim they were not confused by Defendants' use of the mark, Homes & Loans Magazine. To this extent, the Motion is **DENIED** without prejudice, and may be reasserted at trial.

3. Plaintiff argues that Defendants should be precluded from calling witnesses that they did not disclose prior to the close of discovery who are now on their trial witness list. To this extent, the Motion is **DENIED**.

4. Plaintiff argues that Defendants should be precluded from eliciting any testimony in which Defendants refers to their franchisees/licensees as "agents." To this extent, the Motion is **DENIED** without prejudice; the terms to be used at trial cannot be well defined at this stage of the case.

5. Plaintiff moves to preclude the opinion testimony on damages by Defendants (as non-experts). To this extent, the Motion is **DENIED** without prejudice. Defendants' ability to offer damage testimony will depend on what foundation may properly established at trial.

6. Plaintiff argues that Defendants should be precluded from presenting any testimony or documentary evidence leading up to the alleged letter agreement. To this extent, the Motion is **DENIED** without prejudice. The Motion is vague as to what is being sought for exclusion. In addition, there is inadequate context for resolution of any issue under Rule 408.

**DONE** and **ORDERED** in Orlando, Florida on December 17, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

-2-

-3-

Copies furnished to:

Counsel of Record
Defendants Robert Klezmer
Defendant William Keeler

Case 6:07-cv-01051-JA-DAB   Document 89   Filed 12/17/08   Page 3 of 3 PageID 1557

-3-